UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| 1ST TECHNOLOGY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:08-cv-00586 (DDN) |
| | ) | |
| DIGITAL GAMING SOLUTIONS S.A., | ) | JURY TRIAL DEMANDED |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND COUNTERCLAIM OF DEFENDANT DIGITAL GAMING SOLUTIONS S.A. TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Digital Gaming Solutions S.A. for its Answer to Plaintiff 1st Technology, LLC's Second Amended Complaint, states as follows.

1. This is an action for patent infringement under title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

    **ANSWER:** Defendant admits this is a matter filed under the Patent Act but denies that Plaintiff is entitled to any of the relief sought herein. Except as expressly admitted herein, Defendant denies the allegations of paragraph 1.

2. Jurisdiction is proper in this court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

    **ANSWER:** Defendant denies the allegations of paragraph 2.

3.Venue is proper under 28 U.S.C. §§ 1391(d) and 1400(b)

**ANSWER:** Defendant denies the allegations of paragraph 3.

4.Plaintiff is a Nevada limited liability company with offices located at 10080 Alta Drive, Las Vegas, Nevada 89145.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore by operation of F.R.C.P. 8(b) those allegations are deemed denied.

5.Defendant Digital Gaming Solutions S.A. ("Digital Gaming Solutions") is a foreign corporation with offices at Edificio Assesores Juridicos Y Economicos, Sab Jose, Sabana Sur, San Jose, Costa Rica. Digital Gaming Solutions has made, sold, offered for sale, offers for sale and/or imports software products that infringe one or more claims of the '001 patent. Digital Gaming Solutions has infringed and continues to infringe the '001 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. §271.

**ANSWER:** Defendant admits that it is a foreign corporation organized under the laws of the nation of Costa Rica with its offices and principal place of business in the nation of Costa Rica. Except as expressly admitted herein, Defendant denies the allegations of paragraph 5.

6.Defendant Townview Trading, S.A. ("Townview Trading") is a foreign corporation with offices at Contiguo a Edificio Grupo Sama, Sabana Sur, San Jose. Townview Trading has made, sold, offered for sale, offers for sale and/or imports software products that

infringe one or more claims of the '001 patent. Townview Trading has infringed and continues to infringe the '001 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

> **ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore by operation of F.R.C.P. 8(b) those allegations are deemed denied.

7.      Defendant SBG Global is a foreign corporation located at Saret Zona Franca Building 8a, Alajuela, Costa Rica 4060. SBG Global has made, sold, offered for sale, offers for sale and/or imports software products that infringe one or more claims of the '001 patent. SBG Global has infringed and continues to infringe the '001 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

> **ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore by operation of F.R.C.P. 8(b) those allegations are deemed denied.

8.      Defendant Digital Gaming Network Ltd. ("Digital Gaming Network") is a foreign corporation located at E-Zone Vredenberg, Curacao. Digital Gaming Network has made, sold, offered for sale, offers for sale and/or imports software products that infringe one or more claims of the '001 patent. Digital Gaming Network has infringed and continues to infringe the '001 patent either directly or through the acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore by operation of F.R.C.P. 8(b) those allegations are deemed denied.

9. On information and belief, Defendants' products that are alleged herein to infringe are made, used, imported, offered for sale and/or sold in the Eastern District of Missouri.

**ANSWER:** Defendant denies the allegations of paragraph 9.

10. This Court has personal jurisdiction over Defendants because Defendants have committed acts of infringement in this district, do business in this district; and/or have systematic and continuous contacts in this district.

**ANSWER:** Defendant denies the allegations of paragraph 10.

11. Plaintiff incorporates paragraphs 1 through 10 herein by reference.

**ANSWER:** Defendant adopts and incorporates herein by reference its answers to paragraphs 1-10 as and for its answer to paragraph 11.

12. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ *et seq.*

**ANSWER:** Assuming that Plaintiff meant to refer to "35 U.S.C. §§ 271, *et seq,*" defendant admits that the Plaintiff's purported cause of action allegedly arises under the patent laws of the United States and, in particular, 35 U.S.C. §§ 271, *et seq.*, but denies

that Plaintiff is entitled to any relief herein.  Except as expressly admitted herein, Defendant denies the allegations of paragraph 12.

13. Plaintiff is the assignee of and owns all right, title and interest in and has standing to sue for infringement of United States Patent No. 5,564,001 entitled "Method and System for Interactively Transmitting Multimedia Information Over a Network Which Requires Reduced Bandwith."

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore by operation of F.R.C.P. 8(b) those allegations are deemed denied.

14. The '001 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

**ANSWER:** Defendant denies the allegations of paragraph 14.

15. On information and belief, Defendant Digital Gaming Solutions has infringed and continues to infringe the '001 Patent by making, using, importing, offering for sale and/or selling products covered by one or more claims of the '001 Patent including, but not limited to, its Bet US Poker and Bookmaker products.

**ANSWER:** Defendant denies the allegations of paragraph 15.

16. On information and belief, Defendant Townview Trading has infringed and continues to infringe the '001 Patent by making, using, importing, offering for sale and or selling

products covered by one or more claims of the '001 Patent, including, but not limited to, its Bookmaker products.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore by operation of F.R.C.P. 8(b) those allegations are deemed denied.

17. On information and belief, Defendant SBG Global has infringed and continues to infringe the '001 Patent by making, using, importing, offering for sale and/or selling products covered by one or more claims of the '001 Patent, including, but not limited to, its SBG Global Casino and Sportsbook products.

> **ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore by operation of F.R.C.P. 8(b) those allegations are deemed denied.

18. On information and belief, Defendant Digital Gaming Network Ltd. has infringed and continues to infringe the '001 Patent by making, using, importing, offering for sale and/or selling products covered by one or more claims of the '001 Patent including, but not limited to, its OddsMaker.com, Sports Interaction Poker, and Bet on USA products.

> **ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore by operation of F.R.C.P. 8(b) those allegations are deemed denied.

19. On information and belief, Defendants contributorily infringed one or more claims of the '001 Patent and continue to contributorily infringe one or more claims of the '001 Patent, pursuant to 35 U.S.C. § 271, in the United States, including in this judicial district.

**ANSWER:** Defendant denies the allegations of paragraph 19.

20. On information and belief, Defendants have induced others to infringe one or more claims of the '001 Patent and continue to induce others to infringe one or more claims of the '001 Patent, pursuant to 35 U.S.C. § 271, in the United States, including in this judicial district.

**ANSWER:** Defendant denies the allegations of paragraph 20.

21. Defendants' actions complained of herein will continue unless Defendants are enjoined by this Court.

**ANSWER:** Defendant denies the allegations of paragraph 21.

22. On information and belief, Defendants' infringement is willful because Defendants have in the past, and presently continue to infringe the '001 Patent as alleged herein, with knowledge of the '001 Patent.

**ANSWER:** Defendant denies the allegations of paragraph 22.

23. This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

**ANSWER:** Plaintiff denies the allegations of paragraph 23.

24.     Plaintiff has complied with 35 U.S.C. § 287.

**ANSWER:** Defendant denies the allegations of paragraph 24.

25.     Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

**ANSWER:** Defendant denies the allegations of paragraph 25.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

26.     Defendant has not infringed and does not infringe, directly, indirectly, contributorily and/or by inducement, any one or more claims of the '001 patent either literally or under the doctrine of equivalents.

#### Second Affirmative Defense

27.     On information and belief, one or more claims of the `001 patent is invalid for failure to meet one or more of the conditions of patentability including those set forth in 35 U.S.C. §§ 101, 102, 103 or 112.

#### Third Affirmative Defense

28.     Plaintiff's claims for damages are limited or barred by 35 U.S.C. § 286.

#### Fourth Affirmative Defense

29.     Plaintiff's claims for damages are limited or barred by 35 U.S.C. § 287.

Fifth Affirmative Defense

30.     Even if Plaintiff were to successfully prove that Defendant has infringed any of the claims of the '001 patent, Plaintiff's claim for injunctive relief should be denied for the reasons that: (1) Plaintiff has not suffered an irreparable injury; (2) Plaintiff has an adequate remedy at law; (3) considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is not warranted; and (4) the public interest would be disserved by a permanent injunction.

Sixth Affirmative Defense

31.     Plaintiff's claims are barred or should be dismissed for the reason that this Court lacks or cannot exercise personal jurisdiction over this Defendant because:

a.     this Defendant does not have sufficient contacts with Missouri to subject it to specific or general personal jurisdiction in this Court;

b.     this Defendant has not purposefully availed itself of the privilege of conducting activities in Missouri; and

c.     the assertion of personal jurisdiction, in the absence of significant minimum contacts on the part of this Defendant, does not comport with traditional notions of fair play and substantial justice.

## COUNTERCLAIM

Defendant/Counterclaimant, Digital Gaming Solutions, S.A., for its Counterclaim against Plaintiff/Counterclaim-Defendant 1st Technology, LLC, states as follows:

### The Parties

1. Defendant/Counterclaimant, Digital Gaming Solutions, S.A. ("DGS") is a foreign corporation organized under the laws of the nation of Costa Rica with its principal place of business located in the nation of Costa Rica.

2. On information and belief, Plaintiff/Counterclaim-Defendant 1st Technology, LLC (1st Technology) is a Nevada limited liability company with its principal place of business located in Las Vegas, Nevada.

### Jurisdiction and Venue

3. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* and the Declaratory Judgment Act, § 2201, *et seq.*

4. This Court has jurisdiction over DGS's counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5. To the extent that venue over 1st Technology is found to be proper, venue is proper in this district for this counterclaim pursuant to 28 U.S.C. §1391 (b)-(c).

### COUNT I
### Declaratory Judgment of Non-Infringement

6. DGS incorporates by reference, as though expressly stated herein, the allegations set forth of paragraphs 1-5 of its Counterclaim.

7. 1st Technology has alleged that DGS has been and is now directly, jointly or indirectly infringing, inducing infringement or contributing to the infringement of, the `001

patent in the state of Missouri, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling or offering to sell one or more products that practice one or more claims of the `001 patent to the injury of 1st Technology.

8.  DGS denies it has been and is now directly, jointly or indirectly infringing, or inducing infringement or contributing to the infringement of, the `001 patent.

9.  An actual case and justiciable controversy exists between DGS and 1st Technology as to the infringement and validity of the `001 patent.

10. DGS is not infringing and has not infringed, by direct infringement, contributory infringement or induced infringement any valid and enforceable claim of the `001 patent.

11. DGS requests a declaration that DGS has not infringed, by direct infringement, contributory infringement or induced infringement any valid and enforceable claim of the `001 patent.

## COUNT II
### Declaratory Judgment of Invalidity of the `001 Patent

12. 1st Technology has alleged that DGS has been and is now directly, jointly or indirectly infringing, or inducing infringement or contributing to the infringement of, the `001 patent in the state of Missouri, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling or offering to sell one or more products that practice one or more claims of the `001 patent to the injury of 1st Technology.

13. DGS contends that one or more claims of the `001 patent are invalid for failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, or 112.

14. An actual case and justiciable controversy exists between DGS and 1st Technology as to the infringement and validity of the `001 patent.

15. Upon information and belief, one or more claims of the `001 patent are invalid for failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, or 112.

16. DGS requests a declaration that one or more claims of the `001 patent are invalid.

### Demand for Jury Trial

DGS hereby demands a jury trial on all issues so triable.

WHEREFORE, DGS requests judgment in its favor and against 1st Technology as follows:

A. Declaring that DGS has not infringed by direct infringement, contributory infringement or induced infringement, any claim of the `001 patent;

B. Declaring that one or more claims of the `001 patent are invalid or unenforceable;

C. Dismissing the Second Amended Complaint with prejudice;

D. Awarding DGS its costs reasonably incurred in defending this action;

E. Declaring this to be an exceptional case and awarding to DGS its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

F. Awarding to DGS such other relief, legal or equitable, to which DGS may be entitled, or any other relief that this Court deems just and proper.

Respectfully submitted,

GALLOP, JOHNSON & NEUMAN, L.C.

By: /s/ Don V. Kelly
Don V. Kelly, #16769
Andrew D. Dillon, #2984
101 S. Hanley, Suite 1700
St. Louis, MO 63105
(314) 615-6000 (Telephone)
(314) 615-6001 (Facsimile)

Attorneys for Defendant
Digital Gaming Solutions S.A.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 7th day of August, 2009, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Don V. Kelly
Don V. Kelly, #16769