UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| 1ST TECHNOLOGY, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:08CV586 HEA |
| | ) |
| DIGITAL GAMING SOLUTIONS S.A., | ) |
| DIGITAL GAMING NETWORK LTD., | ) |
| and TOWNVIEW TRADING, S.A., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This action is before the court on the motion of defendant, Townview Trading, S.A., to stay the case pending reexamination of the plaintiff's patent, [Doc. 72].

# BACKGROUND

1st Technology, LLC, brought this action for patent infringement against Digital Gaming Solutions S.A. (DGS), Digital Gaming Network Ltd., and Townview Trading, S.A. According to the Second Amended Complaint, DGS is a foreign corporation located in Costa Rica, Digital Gaming Network is a foreign corporation located in Curaçao, and Townview Trading is a foreign corporation located in Costa Rica.[1] (Id. at

---

[1] On May 22, 2008, the government of Curaçao received the documents that were to be served on Digital Gaming Network. (Doc. 55 at 3.) Even though the average time for effecting service in Curaçao is six months, there is still no indication Digital Gaming Network has been served. (Id.) Townview Trading and DGS have each answered the second amended complaint.

¶¶ 5, 6, 8.) The Second Amended Complaint alleges that these three Defendants each infringed one or more claims of 1st Technology's patent, Patent No. 5,564,001 (the '001 patent), and that they continue to infringe this patent.

On June 24, 1994, 1st Technology filed an application for a patent on a "method and system for interactively transmitting multimedia information over a network which requires a reduced bandwidth." On October 8, 1996, the company obtained a patent on this method, the '001 patent. The '001 patent made thirty-two claims.

On May 15, 2008, the Patent and Trademark Office (PTO) granted a third-party request for reexamination of the '001 patent. On November 21, 2008, the PTO rejected claims 1-12, 14-16, and 22-32, but confirmed that claims 13 and 17-21 were patentable. In response to the reexamination, 1st Technology challenged the rejection of its previously approved claims, and submitted twenty-seven new claims that purported to "further define the scope and novelty of the present invention." To date, the PTO has not ruled on the validity of either the new claims or the previously rejected claims.

## MOTION FOR A STAY

Townview Trading moves to stay the proceedings while Plaintiff's patent is reexamined. First, Townview Trading argues that this case is still in its initial stages, with one defendant still unserved. Second, the company argues that a stay will simplify

subsequent proceedings by allowing the PTO to finish examining the patent claims. Third, the company argues that a stay will conserve judicial and party resources. Fourth, the company argues that a stay would not prejudice 1st Technology.

In response, 1st Technology argues that a stay is not necessary. In particular, 1st Technology notes that reexamination proceedings take an average of two years to complete, and that it would be unfairly prejudiced by such a lengthy delay in the proceedings.

## **DISCUSSION**

A reexamination proceeding is an administrative proceeding by the PTO, in which it determines the validity of an existing patent. *Bausch & Lomb Inc. v. Alcon Labs., Inc.*, 914 F. Supp. 951, 952 (W.D.N.Y. 1996). Congress created the reexamination process to shift the burden of reexamining the validity of a patent from the courts to the PTO. *Ho Keung Tse v. Apple, Inc.*, No. C 06-6573 SBA, 2007 WL 2904279, at *1 (N.D. Cal. Oct. 4, 2007). Given this Congressional mandate, as well as the PTO's specialized expertise in matters of patent law, there is a liberal policy of granting stays when patents are submitted to the PTO for reexamination. *Id.*; *Lentek Int'l, Inc. v. Sharper Image Corp.*, 169 F. Supp. 2d 1360, 1362 (M.D. Fla. 2001). This is particularly true where a lawsuit is in the initial stages of litigation, and where there has been little or no discovery in the case. *Ho Keung Tse*, 2007 WL 2904279, at *1.

On the other hand, stays are generally disfavored where granting a stay would cause undue prejudice, would provide the non-moving party a clear tactical disadvantage, or where the case is in a late stage of litigation and approaching trial. *Lentek Int'l, Inc.*, 169 F. Supp. 2d at 1362; see also *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 661 (E.D. Tex. 2005) (denying the motion for a stay, where the court had already held a *Markman* hearing, and the case was "rapidly moving toward trial").

In light of these general rules, courts consider three factors when deciding whether to grant or deny a stay pending reexamination of a patent: (1) whether discovery is complete, and whether the case is set for trial; (2) whether a stay will simplify the issues at hand and reduce the burden of litigation for the court and the parties; and (3) whether a stay would cause undue prejudice or create a tactical disadvantage for the non-moving party. *eSoft, Inc. v. Blue Coat Sys., Inc.*, 505 F. Supp. 2d 784, 787 (D. Colo. 2007); *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. C 05-3116, 2006 WL 708661, at *2 (N.D. Cal. Mar. 16, 2006).

Even though this case was filed over a year and a half ago, the lawsuit remains in its early stages. The parties have engaged in jurisdictional discovery, but have not participated in any discovery related to the merits of the case. Digital Gaming Network has not been served and there has been no Rule 16 Conference. As a result, the Court has not set any deadlines for discovery, the submission of claim construction briefs, or

the submission of dispositive motions. More importantly, the Court has not set a trial date. The first factor supports granting the stay.

During the reexamination, the PTO rejected twenty-six of the thirty-two claims of the '001 patent. 1st Technology has challenged the rejection of these claims, and has also submitted twenty-seven new claims that purport to speak to the novelty of the invention. The question of whether the rejected claims and the new claims are patentable is currently before the PTO.

Taken together, there are fifty-three claims currently before the PTO. If the PTO finds that all of these claims are patentable, the Court will have an expert opinion clarifying the scope of dozens of claims, facilitating future proceedings. See *Ho Keung Tse*, 2007 WL 2904279, at *3. If the PTO rejects all of these claims, leaving only six claims at issue, "the scope of this litigation [would] be significantly simplified." *Id.* The elimination of so many claims might also lead the parties to settle. Finally, a stay of the current proceedings will avoid potential inconsistencies by ensuring that this court and the PTO do not reach opposite conclusions on identical questions. See *eSoft, Inc.*, 505 F. Supp. 2d at 788. The second factor supports granting the stay.

1st Technology argues that a stay would produce a lengthy delay in the proceedings. However, this is not a case where the defendant is seeking a stay solely for the purpose of delay. "This is not a case where reexamination [was] sought on the

eve of trial or after protracted discovery." *KLA-Tencor Corp.*, 2006 WL 708661, at *3. In fact, 1st Technology is now the party seeking review of its new and rejected claims before the PTO - not the defendant. And while reexamination may, in fact, cause a lengthy delay in the court proceedings, "the delay inherent to the reexamination process does not constitute, by itself, undue prejudice." *Id.*; see also 35 U.S.C. § 305 (ordering that all reexamination proceedings "be conducted with special dispatch within the Office."). Granting a stay would not unduly prejudice the plaintiffs. The third factor supports granting the stay.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant, Townview Trading, S.A., to stay the case pending reexamination of Plaintiff's patent, [Doc. 72], is **GRANTED**. All proceedings before the Court are therefore stayed.

**IT IS FURTHER ORDERED** that the parties shall immediately notify the Court of the completion of the reexamination proceedings. The parties shall also provide the Court with updates, every four months, concerning the status of the reexamination.

**IT IS FURTHER ORDERED** that Plaintiff, 1st Technology, LLC, shall

provide the Court with an update concerning its efforts to serve Digital Gaming Network, Ltd.

Dated this 5th day of March, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE